■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCEL MARCHAN, Appellant. [831 NYS2d 111]—

Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered August 18, 2004, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

The court properly denied, without a hearing, defendant's motion to suppress identification evidence. Defendant never disputed the People's allegation that the identifications were confirmatory in that they occurred immediately after the drug transaction, as a planned and integral part of the police procedure (*see People v Wharton*, 74 NY2d 921 [1989]). The identification procedures were indistinguishable from those found in *Wharton* to be confirmatory and exempt from the requirement of a hearing (*compare People v Boyer*, 6 NY3d 427 [2006]).

The court correctly concluded that, by raising an issue to which the evidence in question was directly relevant, defendant opened the door to evidence about a large quantity of cash, other than prerecorded buy money, that was recovered from his person (*see People v Melendez*, 55 NY2d 445 [1982]).

We have considered and rejected defendant's remaining arguments. Concur—Tom, J.P., Friedman, Nardelli, Catterson and Malone, JJ.